UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENNETH TRUITT, etc.

    Plaintiffs,

vs.          Case No.  3:07-cv-204-J-32MCR

WILLIAM RANDOLPH BYRD II, and RONALD
R. EVANS, SR.,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiffs' Partially Unopposed Motion for Leave to Depose Persons in Prison (Doc. 19) filed September 13, 2007.  Plaintiffs certify counsel for Defendant Byrd does not oppose this Motion (Doc. 19, p. 2).  Notably, Defendant Evans is in default.  (Doc. 15).  The time has expired for any persons, including witnesses, to object to this Motion.  Accordingly, the matter is ripe for judicial review.

### **I. BACKGROUND**

This case was initiated by Plaintiffs, migrant farm workers, for alleged violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§1801 et seq., and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq., during their employment in 2003, 2004, and 2005.  (Doc. 1).  The parties are currently engaged in discovery.

-1-

Plaintiffs filed the instant Motion, seeking an Order permitting them to take the depositions of five individuals who are currently in prison. Plaintiffs seek to depose Defendant, Ronald Evans, Sr. and five witnesses: Jequita Evans, Ronald Evans, Jr., Nathaniel Davenport, Eugene Sheppard, and Emma Rae Johnson. Plaintiffs are currently conducting discovery on the alleged violations of their rights related to their employment by defendants, and they state that each of the above referenced witnesses has knowledge bearing on the issue of whether Defendant Byrd was an employer of the Plaintiffs under the AWPA and FLSA. Additionally, Plaintiffs state the proposed deponents have knowledge of the defendants actions which violated Plaintiffs' rights under AWPA, FLSA and RICO.

In a related case, James Harris, *et al.* v. Frank Johns, *et al.*, M.D. Fla, 3:06-cv-433-J-32MCR, the Plaintiffs sought to conduct depositions of each of the proposed deponents referenced above, with the exception of Eugene Sheppard. The undersigned authorized the depositions. (Doc. 39). Plaintiffs' counsel now seeks to depose the proposed deponents concurrently with the depositions in the related action, James Harries, *et al.* v. Frank Johns, *et al.*, 3:06-cv-433-J-32MCR.

## II. ANALYSIS

Federal Rule of Civil Procedure 30 provides in part:

> A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison.

Rule 30(a)(2), Fed.R.Civ.P. Rule 26(b)(2) permits limiting discovery if: (1) it is unreasonably cumulative or duplicative, or is obtainable form some other more

convenient source; (2) the party seeking the discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the deposition outweighs its likely benefit.  Rule 26(b)(2)(C), Fed.R.Civ.P.  Accordingly, the Court should permit the deposition of the incarcerated individuals unless an objecting party can show the depositions fit into one of the three categories above.  <u>Williams ex rel. Williams v. Greeley</u>, 210 F.R.D. 577, 578 (N.D. Tex. 2002).  As noted above, none of the parties nor witnesses objected to the taking of the proposed depositions.

Accordingly, the Court will grant Plaintiffs' Motion and permit the depositions of the incarcerated Defendant and witnesses.  Counsel for Plaintiffs is instructed that she must confer with opposing counsel, as well as the appropriate official at the institution(s) at which the deponents may be confined, to agree on an appropriate location, time, and date for the depositions.

After due consideration, it is

**ORDERED**:

Plaintiffs' Motion for Leave to Depose Persons in Prison (Doc. 33) is **GRANTED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  4th  day of October, 2007.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party